*157 OPINION of the Court, by
Judge Logan.
This case depends upon an award made out under the act of ass«nbly. Many objections were made against its being entered as the judgment of the court: and such as *158 seem to attract the attention as important or necessary for investigation, we shall consider m the iollowing order :
It it bears date on che day it was agreed upon, although not Íígned until days afterwards, it is not void i but judgment on the award fhould not be rendered Until 1$ days after the publication.
After the parties are heard, the arbitrators may take convenient time to make their award, and it is not neceiTary that the parties, íhould he pre-fentatthe making of it.
Ir a party objects to an a ward becaufe he had diicovered, important evi dence after the trial berore. the arbitrators, and before the ⅜-ward made, Which the arbitrators reiufed to hear, it is not endugh that he (wears it was material, he fhould difclofe the evidence tii (covered.
The court can not revife the judgment of the atbitratorsonthe ground that they have miftakea the law, unlefs the miftake car-ríes along with it evidence of corrupt'wn.Qx pdf tialky in the arbitrators, or of undue means hi obtaining the a* ward. .y:.
*158 1st, It is contended that the award was not made at the time and place therein specified,
2d. That the plaintiff in error was not present when the award was made : nor had notice of the time and place of making it.
3d. That he discovered other testimony which he deemed important to his cause, and which he did not know of at the time of the trial. But for the purpose of hearing said evidence, the arbitrators refused to meet, although the other party was notified of the time and place they were requested to meet again.
4ih. That it appears from the face of the award, that the arbitrators erred, the award stating that the injury complained of was committed by the defendant, or those under whom he claims, in changing the water course from its usual and ancient channel.
5ih. That a copy of the award was not given to Wrigglesworth as required by law.
The first and second objections taken, may properly be considered together. And although the parties were not present, nor informed of the time and place when the award was completed, yet it does not necessarily follow, under the circumstances of this case, that the award ought aot therefore to be confirmed as the judgment of the court.,
Let us then examine into the facts of this case. The arbitrators met both parties, heard their evidence, and prepared a rough draf t of their ajyard, which they gave to one of their body to have copied off in a fair hand and proper form, and to have copies made out for the, parties. But this copying was not done until on a subsequent day, and at a different place : nor was either of the parties present when it was done, or informed of the time and place it would be completed»
And in copying the award from the draft, which had been made out on the day of the arbitration, that date and place are inserted. The award commences by stating the time, place, order of court, for what purpose, the presence of the parties, and after being first sworn as the law directs, that the arbitrators proceeded to hear, See. «
The pnfuffif* ñon i$s cat. pies were delivered. to the par tits as required by ftatute, buE this prefump. Hon rruy be re-
1m he copy ia delivered to a patty fifteen days before judgment is rendered, it is fuf-ficient,although rtot delivered “ immediately” UDon che making of the award
It the award is returned to court without giving copies to rb parties it may be a good reafon for poning judgment until next-term, bur is not an objection to the award itfelfi.
If a party is m court when a« ward is returned, and objects to the award it-fetf, but does not object that a copy had not been delivered fifeeen days previous to the term, the objection to the time of rendering judgment will be confider-ed as waived.
*159 When, therefore, it is admitted, that an award cannot be legally made and entered as the judgment of the court, where a party complaining was neither present nor had notice, so that he might have the benefit of his evidence and be heard in his cause ; yet we are of ©pinion that the parties in this case were present to every purpose of the law. It is not necessary, nor is it proper, that the award should be made out under the inspection of the parties : and if not, there can be no occasion for their presence at that time ; and consequently, it is immaterial whether the award is written and signed and sealed on that, or another day in a convenient and reasonable time.
The law secures to each party the right to a copy of the award, fifteen days before it shall be entered as the judgment of the court. And with this object in view it directs that the time of making the award shall be stated therein. But it does not follow from thence, that the award must necessarily be made on the day of the arbitration ; nor that it should be finished on the same day it commences.
If, however, it is not completed on the day it bears date, it ought not to conclude the party of his right, under the law, to a copy fifteen days before judgment thereon.
But in this case it appears from the evidence in the bill of exceptions, that the award was completed more than that time before the court to which it was returned. It was therefore sufficient in that res pect. And as to a copy to the partv, it remains to be considered under the last point made. We come now to consider:
Sdly. Whether the discovery of evidence as set forth in the bill of exceptions, was sufficient to prevent the award front being entered as the judgment of the court.
Upon this question, it need only be observed, that the evidence discovered ought at least to have been stated in the affidavit made out, in order that its mate-tiality might be judged of by those who had to act thereon. It is not enough that the party thinks it important. 1 his case, indeed, shews in strong colors the impropriety thereof. The party had, by accident, got a sight of the draft which had been drawn up on the se-«QRd day after the arbitration. And the next thing *160 from him on the subject is the discovery “of much additional matter to offer in the cause.” He then requested another meeting on the next morning, and accordingly had notified Morton, his opponent.
But it appears that one of the arbitrators had, on the preceding day, left Lexington, where the whole business was transacted, and to judge when he was expected to return, from the time he did return, it was not until two or three days. And another of the arbitrators, signed the award on that same day of this farther discovery of evidence, and left town the next day for the Mud lick, and when to return does not appear.
It is not difficult to conceive, if a loose practice were indulged in such cases, that awards might frequently be unjustlv prevented from being entered as the judgment of the court, after great delay and much trouble in bringing the subject to a determination by arbitration.
The fourth question proposed to be examined is, that the award is erroneous on its face with regard to ths subject of dispute.
Whether the arbitrators erred in their opinion on the matter referred, was neither the duty of the circuit court, nor is it of this court, to decide from the premises assumed in the award. The parties by their own choosing have made the arbitrators the judges of their dispute, and surely it cannot now be seriously pretended that the validity of the award was to depend upon the opinion of a court, whether they thought it right or wrong. This would really destroy the very object of the submission, and render the law a mere dead letter, wherever the award set forth its premises, and the court should differ in opinion from the arbitrators. But the submission to arbitrators implies no such condition* that the parties will abide by and perform the award, provided it should be right, and of this the court is to judge. The act of assembly declares, that when an award is returned to court, made out conformable to its provisions, it shall be entered as the judgment of the court* and shall not be invalidated, set aside, or appeal-* ed from, unless for corruption, evident partiality, er Other undue means.
Now the most that a court ought to do, from an opinion of arbitrators apparently erroneous on the face *161 the award, would be to decide how far the nature and extent of the error should be considered as establishing one of these grounds. In this case, we cannot view the supposed error as doing either ; and so must decide against the objection. This opinion is supported by the decision of this court in the case of Baker’s heirs vs. Crockett, decided spring term 1808 ; in which the court says, that the “ award cannot be set aside for mistake of law, apparent ia the body or face of the award.” — Hard. 403.
It remains only to consider the last point in the cause, which we deem proper to be noticed.
5th. That a copy of the award was not given to the plaintiff in error.
The act of assembly declares that “ the arbitrators shall make up their award in writing, under their hands and seals, noting therein the time at which it was made, one fair copy of which, signed as aforesaid, shall, immediately upon its being made, be delivered to each of the contending parties, and the original returned by them to the court in which the submission was made, at the court next succeeding the date of said award, provided there be fifteen days between the date of said award and such court.”
To enable the party to guard against an award which should be made out not conformable to law, and to detect any undue means in making an award, the act has provided, 1st. that a copy shall be delivered to him ; and
2dly. that he shall have filtren days before the award shall be made the judgment of the court.
But the expression of the law seems to have been predicated oo the supposition, that after the arbitration commenced, everything necessary to be done would be completed before the parties dispersed. In adapting, however, an expression to such a case, can it be a sound exposition of the law to exclude from its operation all cases in which copies are not immediately, on making out the award, delivered to the parties ?
We have already said that it is not essential that an award should be made on the same day of the arbitration, or completed on the day it is commenced ; and that the presence of the parties may, during the time, be dispensed with. And we have stated our opinion of the reason the law directs that the time ef making an *162 award shall be noted therein, that it may appear to the court from the award itself, that it was made fifteen days before the court will confirm it as-their judgment. Now the law directs, moreover, that a copy shall be delivered “immediately/’ because, from this direction, together with the date of the award, the court might presume the copies to have been delivered, taking the direction of the act as the evidence of the fact of the copies having been delivered.
Yet that a party who had not in fact received a copy might be permitted to rebut that presumption, and so not stand concluded by it, we do not doubt. But if, in doing this, it appears that the copy was not delivered to him at the time the award was made, yet that he had the benefit of it fifteen days before the court, the object of the law would appear to be thereby satisfied, and the court ought to enter judgment thereon. This construction of the law seems to preserve its obvious meaning, and is certainly much the most convenient in practice, and better adapted to the situation of the parties in the general, who may have retired irons the arbitration, before the award is made or copies prepared, and to whom copies could not be delivered “ immediately” alter completing the award, or drawing off the copies.
If then it be a correct exposition of the act, that a copy of the award delivered fifteen days before the court to which it is returned will satisfy the law, it leads to the inquiry, whether, if it is not delivered at all, the award shall, for that reason, be set aside, or not then be entered as the judgment of the court. This can certainly only be warranted where the reason for the nondelivery of the copy is not owing to the fault or neglect of the party.
But why should the objection he extended to the award itself, and not be confined to a postponement of the judgment of the court only, even where the party did not know when and where to apply for a copy fifteen days before the court ? By giving him that time to avail himself of any objections to the award, would completely afford him the benefit the law intended. Therefore, to say the most-of this objection in the present: case, the judgment would only appear to be erroneous, because it was entered at that term when it did not appear that a copy had been given to the party fifteen days previous thereto»
*163 But for Ais objection to the judgment of the court, it does not appear that the plaintiff in error desired a continuance or delay of the judgment. He was in court, and had he not objected, the court might properly have entered judgment on the award ; and for want of the objection, the judgment ought in such a case to stand good. But if his objection were directed to a different purpose, a total destruction of the award, when it might have prevailed, in obtaining the proper time, if such had been its object; ought this court now to reverse the judgment ? We rather incline to consider the objection in the court below waived as to a postponement of the subject, by the objections to its merits.
Judgment affirmed, &c.